People v Coley (2025 NY Slip Op 50694(U))

[*1]

People v Coley

2025 NY Slip Op 50694(U)

Decided on April 30, 2025

District Court Of Nassau County, First District

Wright, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2025
District Court of Nassau County, First District

People of the State of New York,

against
Tamya A. Coley, Defendant.

Docket No. CR-022061-24NA

Anne T. Donnelly, District Attorney, Nassau County, Attorney for Plaintiff, 262 Old Country Road, Mineola, New York 11501, 516-571-3800; Karen E. Johnston, Esq., Attorney for Defendant, 170 Old Country Road, Suite 212, Mineola, New York 11501, 516-330-3412.

David W. Wright, J.

PAPERS CONSIDERED              
NUMBERED

Notice of Motion 1
Affidavit and Supporting Memorandum of Law in Opposition 2
Reply Affirmation 3

 The defendant moves for an order, inter alia, declaring the People's certificate of compliance (COC) invalid and, consequently, dismissing the accusatory instruments pursuant to CPL §30.30(1)(b).
 

On November 17, 2024, the defendant was arraigned on charges including aggravated driving while intoxicated (VTL 1192[2-a][a]), an unclassified misdemeanor. Accordingly, the People had until February 18, 2025, to file COC and certificate of readiness (COR). The People filed COC and COR on February 5, 2025.
Within a reasonably practicable time, defense counsel notified the People of certain deficiencies in their disclosure in an attempt to resolve the issues without motion practice as required by CPL §245.50[4][b]). Defense counsel identified the following deficiencies:
1. The name and contact number of the tow truck operator who responded to the scene of the accident (CPL §245.20[1][c]).
2. The full identity and work affiliation of "Barbara Connolly," who is indicated in paperwork as having searched the defendant, and "PO Jones," who completed a suicide screening form (CPL §245.20[1][d]).
3. A field sobriety test card used by Police Officer Supinski (CPL §245.20[1][k]).
4. Photograph of the PBT machine taken by PO Supinski at the scene (CPL §245.20[1][h]).
5. Unredacted disciplinary records for testifying police witness (CPL §245.20[1][k]).
In response to item 1, the People state: "While it is undisputed that the People did not include the name or identity of the tow truck driver on the Peoples [sic] ADF, the People did turn over the identity of the tow truck driver timely." The People assert that the impound paperwork [*2]which was included in the disclosure contained the signature of the tow truck driver and that was sufficient. A review of that document reveals that the tow truck driver's signature is illegible to determine his/her actual name.
In response to item 2, the People assert that the disclosures have sufficiently identified these two officers in alternate documents. Yet, the People merely refer to the same documents that defense counsel referred to which do not give complete names or affiliation.
In response to item 3, the People insist that they have provided a copy of the field sobriety test (SFST) card referred to by PO Supinski while he conducted the SFST's at the scene prior to the defendant's arrest. The ADA insists this card was provided on at least three (3) occasions and refers to exhibit 8 attached to the affirmation in opposition (which is not tabbed as required by Part 7 rules). A review of that exhibit reveals that it is not the card used by PO Supinski at the scene, but rather the field notes prepared after the defendant's arrest.
In response to item 4, the People appear to concede that the photograph of the PBT machine taken by PO Supinski was never disclosed. However, the People assert that this was an "inadvertent error," that they acted in good faith and with due diligence (without any detail as to the efforts made to obtain the photograph), and that the defendant has suffered no prejudice.
In response to item 5, the People concede that they unilaterally redacted certain portions of disciplinary records for Jan Gaddist, the 911 operator listed as a potential witness, boldly declaring that they have no obligation to seek a protective order to redact information that is "unrelated to this case." 
The People further make the following assertion: "The Court is also not permitted to simply determine [sic] the redaction must be approved pursuant to CPL §245.70 and invalidate without more. The Court is required to either conduct an in camera review or hold a hearing pursuant to CPL §245.35 (bold emphasis added)." The People expand on their contention that the court is mandated to hold a hearing by referring to CPL §210,45[4], which is applicable to motions to dismiss in misdemeanors by virtue of CPL §170.45. CPL §210.45[4] provides as follows:
The court must grant the motion [to dismiss an accusatory instrument] without a hearing if:
[a] The moving papers allege a ground constituting legal basis for the motion pursuant to subdivision one of section 210.20; and
[b] Such ground, if based upon the existence or occurrence of facts, is supported by sworn allegations of facts essential to support the motion; and
[c] The sworn allegations of fact essential to support the motion are either conceded by the people to be true or are conclusively substantiated by unquestionable documentary proof.
The People's reliance on the above statutory provisions is both unsupported by the very statutes they cite and unsupported by their own sworn submission in response to the motion.
Initially, the People's reliance upon CPL §245.35 as support for the proposition that a court presented with a motion to dismiss the accusatory instruments based upon a violation of their automatic discovery obligations must either conduct an in camera review or hold a hearing, is so unsupported by that statute as to make their argument disingenuous. Nowhere in CPL §245.35 is there any mandate that the court conduct an in camera review or hold a hearing. In [*3]fact, just the opposite is true. The statute, entitled "Court ordered procedure to facilitate compliance," provides procedures that a court MAY issue, in its discretion, to streamline litigation. None of which require in camera review or a hearing. In fact, in camera review and a hearing is contemplated after the People make an application pursuant to CPL §245.70 for a protective order. It appears from the People's opposition in this case that they do not believe a protective order application is required where they have already determined that the information is not discoverable.
The People's reliance upon CPL §210.45[4], while applicable, actually supports the conclusion that in this case, as in most cases involving the People's purported compliance with CPL §245.20, no hearing is required or even necessary. Here, as to each item identified by defense counsel as missing, the People either concede that it was not turned over or submit documentary proof conclusively substantiating their failure. 
As to item 1, the People provide a document that they purport satisfies their obligation, but that document, with an illegible signature of the tow truck driver, conclusively establishes that they did not provide the name of the tow truck driver. 
As to item 2, the People assert that two documents satisfy their obligations, but the documents they refer to conclusively establish that the affiliation of "Barbara Connolly" was never provided and the full name and affiliation of "PO Jones" was never provided. 
As to item 3, the People assert compliance by referring to the wrong document which conclusively establishes that they never provided the SFST card that PO Supinski was using at the scene of the defendant's arrest. 
As to item 4, the People concede that the photograph of the PBT machine taken at the scene by PO Supinski was never provided. Instead, the People assert, without any detail, that they acted in good faith and with due diligence. Nowhere is there any sworn statement from anyone at the District Attorney's office detailing the efforts to obtain this photograph. A simple sworn statement that someone made direct contact with PO Supinski to determine whether that photograph exists would have sufficed. Yet, no effort was made. It is the People's burden to demonstrate that they did, in fact, exercise due diligence (see People v McMahon ___ AD3d ___ [2d Dept. April 2, 2025]). This is a question of law, not an issue of fact requiring a hearing. The People's failure to meet their burden requires the COC to be deemed improper; the COR to be deemed illusory, and, if the speedy trial time has expired, the case to be dismissed (Id.). An analysis of the factors set forth in People v Bay (41 NY3d 200 [2023]), is unnecessary when, as here, the People have failed to provide any details regarding their efforts to comply with their automatic discovery obligations. The People's conclusory statements of due diligence are insufficient to meet their burden.
As to item 5, the People's assertions are even more troubling. They assert, without legal support, that they may redact disciplinary records of testifying witnesses without making an application for a protective order pursuant to CPL §245.70. In fact, the law and the legislative intent of the discovery statute is clear that the People may not unilaterally decide what information is discoverable and what information is not discoverable, that is precisely why CPL §245.20 exists (see People v Gehlhaus, 82 Misc 3d 864 [Dist. Ct., Nassau Cnty, 2024]; People v Clark, 83 Misc 3d 1295[A] [Dist. Ct., Nassau Cnty, 2024]; see also People v Coley, ___ AD3d ___ [2d Dept. April 2, 2025]).
I simply do not understand why the People continue to swim upstream on the issue of discovery, rather than provide everything to the defense and worry about admissibility later. [*4]Now, this new approach to adamantly, albeit incorrectly, assert that a hearing is required, even mandated, on every discovery dispute, demonstrates that the People are refusing to just do what CPL §245.20 requires — provide all discovery related to the case or move for a protective order as required by CPL §245.70. I am not saying that a hearing is never warranted. However, it would only be warranted in the rare case where there is an actual factual dispute. Such as where the People provide sworn statements that they exchanged the disputed information prior to filing the COC and defense counsel denies ever receiving it. While I'm not sure how, as a practical matter, such a hearing would be conducted, perhaps the People are seeking more of an oral argument on the motion. Even then, such a "hearing" could not be used as a way for the People to supplement their written submissions which failed to meet their burden of establishing due diligence in the motion papers.
Accordingly, the People's COC filed February 5, 2025, is invalid, the COR is illusory and the portion of the defendant's motion seeking an order dismissing the accusatory instruments pursuant to CPL §30.30(5) is granted.
All applications not specifically addressed are hereby Denied.
This constitutes the Decision and Order of the Court.
Dated: April 30, 2025
HON. DAVID W. WRIGHT, J.D.C.